Plaintiff's Complaint for Temp Restraining Order

**U.S District Court**
595 Main Street
Worcester, MA 01608
508.929.9900

Karen E. Barnard,

Plaintiff, Pro Se

vs.

Richard K Andrew,

Defendant, Pro Se

Case No.: **05-40113 FDS**

**Complaint for**

**Ex Parte Temporary Restraining Order**

**Third Parties- Agents of Defendant to be covered by Scope of Temp orary Restraining Order**

Attached: Plaintiff's Affidavit

**Plaintiff,** resident of Alaska, co-owner of "The Real Property", residence Alaska

**Defendant**, resident of ~~[redacted]~~ Massachusetts, co-owner of "The Real Property", residence unknown

**"The Real Property"** means home located at 15 Singletary Ave Town of Sutton, Massachusetts,

Defendant is attempting coerce/bully Plaintiff into selling the co-owned Real Property without making repairs he is responsible for. There are no debt collection issues regarding The Real Property. There are no statutes which provide for taking of Plaintiff's Title or interests by Defendant. **Defendant is acting without authority or consent of Plaintiff**. Plaintiff returned from Alaska this morning and has found that Defendant has begun removing furniture from the Real Property expressly to prevent Plaintiff from utilizing, repairing and showing house for sale. Defendant has refused to remove his excessive and unkempt belongings piled in 4 rooms. Defendant has allowed the house to become rundown. Plaintiff is preparing to file a Complaint against Defendant but needs to locate a competent attorney. While Defendant bullys and coerces Plaintiff, Defendant does respond positively to Attorney's and court action. Plaintiff is requesting an immediate temporary Restraining Order to prevent Defendant's further removal of furniture from the Real Property to enable Plaintiff to show a furnished home and be comfortable during her temporary visit to Massachusetts. Plaintiff has no objection to Defendant removing his excess personal property and junk.

Motion DENIED without prejudice. Although the parties appear to be diverse, it is unclear what the cause of action is, and whether the amount in controversy is $75,000 or more. The application is not supported by an affidavit or verified complaint as required by Rule 65(b). This denial is without prejudice to a renewed application if jurisdictional and other prerequisites are satisfied.

[signature] U.S.D.J. 7.8.05

**Plaintiff's grounds for a Temporary Restraining Order are as follows:**

1. Plaintiff believes that Defendant is planning on removing the furniture on Saturday July 9, 2005 or as soon as he hears that Plaintiff has returned to house. Son moved to Vermont with Plaintiff in 1996 and house was to be sold in 1996.
   a. Defendant continued to use house, refused Plaintiff access to house and continues to refuse to negotiate, repair house or compensate Plaintiff for the disrepair. Plaintiff has returned to MA to retain an attorney to negotiate and resolve issue.
   b. Defendant allowed house to freeze during winter of 2005 causing burst pipes. Furnace repairman reported that furnace had not been maintained in years and was clogged. Plaintiff was forced to endure freezing temperatures in house with no running water until repairmen could fix 2 sets of pipes, fix furnace and get well pump to run. The basement has also flooded several times due to Defendant's refusal to replace 35+ year old sump pump.
   c. Defendant removed door to woodstove and refused to chop wood. He also removed lamps, radios and disconnected refrigerator and TV to make Plaintiff miserable.
2. **Lack of an Ex Parte Temporary Restraining Order** will **result in substantial and irreparable long term financial and emotional harm to Plaintiff** if Defendant succeeds removing the furniture. in selling Plaintiff's interest in The Real Property. Quick action is needed!
   a. Plaintiff is in need of counsel and arrived in Sutton, MA July 8, 2005.
   b. **Plaintiff has a serious back injury** and **unrelated serious head injury** from an automobile accident. **Plaintiff is a vulnerable adult being legally attacked** by Defendant.
   c. Plaintiff will lose an estimated $40,000-$100,000 in lost revenue because Defendant has refused to repair house.
   d. Defendant issued a threatening and intimidating letter in May making it clear he will bully Plaintiff into selling the house in AS-IS, unrepaired condition. Defendant also threatened to obtain the services of a "Master which would be expensive" Defendant did not agree to sell the house at an under market price.
   e. If Temporary Restraining Order is not issued Plaintiff will be homeless or forced to ask friends to charge hotel room on credit cards. This is unnecessary expense as Real Property is uninhabited.

Plaintiff will also be forced to needlessly, endure expensive litigation process when a Temp Restraining Order could be effective now.

f. Plaintiff must retain her legal rights and interests in The Real Property to stay financially solvent due to high medical costs.

g. Plaintiff is visiting from Alaska and has no other place to stay.

3. **Plaintiff has researched Sutton Real Estate Market and alleges** that the jointly owned The **Real Property is being fraudulently sold by Defendant at a price set in 2002. The price is lower than market value**. Homes in Sutton sell for $450,000-$1M. The Real Property is a desirable Antique home, attached barn rural westerly views in the wonderful, sought after Historic District of Sutton, Massachusetts.

4. **Plaintiff will retain Counsel to intervene. Counsel will** contact Defendant and then **determine if further action will occur in Federal or State Courts**.

   a. Quick intervention will result in avoiding substantial costs brought on by lengthy litigation. Plaintiff wishes to minimize legal costs for both Plaintiff and Defendant.

   b. **Plaintiff arrived late last night in Boston** and upon her arrival in Sutton, found the bed, couch and desk missing. Defendant has a past history of retaliatory action against Plaintiff and thus a **Temporary Restraining Order** in US District Court to prevent any further action on part of Defendant **is warranted.**

   c. There are no jurisdictional issues as Plaintiff is a legal resident of Alaska and Defendant is Mass. Resident.

   d. Defendant's Actions must be stopped now!

5. **Order will not harm Defendant** and will **afford *Equal Protection Under the Law* for both parties.**

   a. Defendant remarried and moved to his new wife's house approx. 2002. Defendant did not invite Plaintiff to the wedding, so the date is approx.

   b. Plaintiff requires Temp Restraining order to prevent undue hardship and damages for the Plaintiff while house is being repaired and readied for sale.

6. **Prevent financially powerful Defendant from overpowering Plaintiff by using intimidation, coercion and the Americal Legal System as a weapon against a vulnerable woman and young child.**

Therefore, **Plaintiff respectfully requests** the Unites States District Court to grant Plaintiff **immediate relief today as follows:**

1. **An Immediate Ex Parte Temporary Restraining Order to prevent removal of kitchen, livingroom, dining room, den and bedroom furniture. Also to prevent removal of active woodstove, washer, dryer, TV, radio, lamps, linens, kitchen equipment, microwave oven, large extension ladder and other necessary furniture to enable showing and repair of house.**
2. Plaintiff requests scope of the requested Temporary Restraining Order to cover Defendant AND Third Parties who continue to conspire with Defendant to purchase/sell The Real Property without repairs and/or compensating Plaintiff for her financial losses.
3. If denied, please issue findings of fact, findings of Law and/or other basis for denial.

**Ex Parte Temporary Restraining Order** to give immediate protection for Plaintiff's interests in The Real Property is thus warranted and required **to prevent further long term financial damage to Plaintiff and** young Child as a result of Defendant's expressed intention to sell Title of Plaintiff's interests in The Property to a Third Party without the consent of the Plaintiff or thru abusive use of court action.

I thank you in advance for your time and consideration in response to my urgent pleas for help,

Karen E Barnard 7/8/05 5:25 pm

Karen E. Barnard Signed and Filed Friday July 8, 2005

9050 Claridge Place

Anchorage, Alaska 99507

**Cell phone 508.826.9804-** **please call so I may come and get the signed Order**

Plaintiff will personally serve Defendant with the signed order and Complaint by US Mail to:

Richard K. Andrew, Jr,

5 Singletary Ave

Sutton, MA 01590

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET 05-40113 FDS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Karen E. Barnard

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
Anchorage Alaska

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
getting one

**DEFENDANTS**
Richard K Andrew

County of Residence of First Listed Defendant Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

Need Atty to Defend Prop Rights

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Ex Parte Temp. Restraining Order
Brief description of cause:
Prevent Def. from removing furniture from house / denying Constity. Prop. Rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): none
JUDGE ____________ DOCKET NUMBER ____________

DATE ____________ SIGNATURE OF ATTORNEY OF RECORD ____________

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40113.FDS

1. Title of case (name of first party on each side only) Ptf: Karen Barnard, Pro Se
Def: Richard Andrew

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

— I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

— II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

— III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, (290), 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

— IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

— V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

none

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐ NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐ NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ______

ADDRESS ______

TELEPHONE NO. ______